## SMITH v. SOUTHERN GENERAL LIFE INS. CO., Inc.*

### No. 16854.

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

* Rehearing refused April 4, 1938.

Chas. J. Mundy, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by Lovenia Smith, the beneficiary of an industrial life insurance policy, issued in the name of Willie Smith for the sum of $200. The defense, which prevailed below, was to the effect that the policy had been obtained by collusion between defendant's agent, plaintiff and plaintiff's daughter,

and that as a result of such fraudulent conspiracy the defendant had been induced to isssue a policy on the life of the assured, a notorious police character who was not present at the time the application was signed or the policy issued.

The record indicates that on February 1, 1937, one Sicard, an agent of the defendant company, called at the home of Lovenia Smith, an old and ignorant colored woman, and sold her four life insurance policies, one for herself and one each for her two minor daughters and one for her son, Willie Smith. The application for each of the four policies was signed by plaintiff's daughter, Evelyn Smith (Lovenia Smith could neither read nor write). In due course the policies were issued and all of them were delivered to Lovenia Smith. Willie Smith died on June 18, 1937, at which time the policy was in full force and effect.

■ It is admitted that Willie Smith was absent from the city of New Orleans when the policy was issued and at all times since, and that he died in Kilby Prison, Montgomery, Ala. The defendant contends that under the terms of its policy the insured must sign the application and that its agent is without authority to waive this provision; that at the time the policy was reinstated, May 24, 1937 (apparently it had lapsed), Willie Smith was an inmate of the Kilby Prison and, if that fact had been made known to defendant, the policy would not have been reinstated, and that these facts were concealed as the result of a fraudulent conspiracy between its agent and the beneficiary. Sicard, the agent who sold the policy, was placed upon the stand and his testimony is pointed to as clearly establishing the conspiracy. He does say that the plaintiff failed to tell him that her son was out of the city, but he does not say that he inquired concerning his whereabouts. Moreover, he admits that he knew that all four applications were signed by Evelyn Smith. He did not know that Willie Smith was out of town or anything about him, and apparently did not care where he was, all he knew was that he was not present. This is the sum and substance of his testimony and, in our opinion, it falls far short of establishing a conspiracy.

Lovenia Smith did nothing more than yield to the solicitation of a zealous insurance agent bent upon insuring her entire family at one time. She did not know anything about the policy provision requiring the signature of the insured. Her son, Willie Smith, was not in the Alabama penitentiary at that time and, even if he had been, she could not be expected to know that his incarceration would render him ineligible for insurance. If there was any fraud of which the defendant was the victim, its agent was the perpetrator.

The local manager of defendant company testified that agents are never permitted to sign applications and that in all cases except when the applicant is under the age of fourteen years, when the parent or guardian may sign, the applicant must attach his signature. Certain provisions of the application are pointed to as requiring the applicant's signature—for example, "the person to be insured must sign the application, unless a child. * * *"

■ This policy was issued without a medical examination, hence Act No. 97 of 1908 has application. That act provides that when life, health, and accident insurance companies issue policies or contracts of insurance without a medical examination of the assured by a physician, it shall be presumed "that the company has waived its rights to claim a forfeiture of the policy based on the ground that the assured did not make true and full answers in the application as to the health, habits or occupation, whenever it shall appear that the agent of the company knew, or might have ascertained with reasonable diligence, the true condition of the applicant's health, or the real facts as to his habits or occupation, knowledge of the agent of the company in writing the application, or of the collector of the company in collecting the premiums from the assured, shall be imputed as notice to the company, as to the health, habits or occupation of the assured."

■ Act No. 160 of 1934, § 2, provides that, when a policy of industrial life insurance is issued "without obtaining a written and signed application by the applicant therefor, then such unsigned application shall be inadmissible in evidence as a basis of defense in any suit upon the policy by the insured for the collection of the policy, nor shall parol evidence of the contents of such application be admissible in evidence." See Succession of Dekan v. Life Insurance Company of Virginia, La.App., 172 So. 37.

The effect of these two statutes when applied to the instant case is to render the application for insurance inadmissible in evidence and to charge the company with the

knowledge possessed by its agent concerning the facts surrounding the issuance of the policy.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Lovenia Smith, and against the defendant, Southern General Life Insurance Company, Inc., in the full sum of $200, with legal interest from judicial demand.

Reversed.